# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re: | Case No. 10-03454 |
|---|---|
| THE MORTGAGE STORE, INC., | Chapter 7 |
| Debtor. | Related Docket No.: 157, 159 |

## MEMORANDUM OF DECISION ON THE FIRST INTERIM APPLICATIONS FOR COMPENSATION

These applications require me to determine whether the interim compensation requested by the chapter 7 trustee's counsel and accountants is reasonable. I conclude that it is.

The chapter 7 trustee's attorneys, Klevansky Piper, LLC ("Klevansky Piper"), and trustee's accountants, KMH, LLP ("KMH"), filed applications for interim compensation and reimbursement. Dkt. no. 157, 159. Various creditors of the estate, represented by Cain & Herren, ALC, opposed the applications. Dkt. no. 173. The objectors filed a very brief written objection and made extensive oral objections at the hearing. I orally overruled all but one of the objections at the hearing and allowed the objectors to file a supplemental memorandum enumerating specific time entries to which the creditors object. The creditors filed a supplemental memorandum on May 25, 2011, dkt. no. 201, and Klevansky Piper filed its reply on June 1, 2011. Dkt. no. 207.

The creditors' supplemental memorandum goes beyond the issues on which I permitted further briefing. The supplemental memorandum reargues points on which I ruled at the hearing. I will not reconsider my prior ruling, but for the sake of a clear record will summarize my oral ruling as follows:

> 1. The overall amount billed, the specific tasks billed, and the total amount of time spent is reasonable in the context of this case.
>
> 2. The hourly rates charged are reasonable for the billing professionals, considering their respective levels of experience and expertise.
>
> 3. Multiple professionals attending the same meetings under the circumstances is not unreasonable per se.

The objectors criticize three categories of time entries.

First, the creditors claim that certain time entries constitute "block billing" or "lumping." Bankruptcy professionals usually must provide records that itemize the time spent, not just on a given day, but on each task carried out during that day. "Block billing" should be avoided at all costs because such billing makes it more difficult to determine the reasonableness of the time charges. There are situations, however, when block billing is tolerable. In this case, for example, block billing entries were more prevalent during the first week of the bankruptcy case. Counsel explains that this occurred as the trustee and his professionals worked diligently and quickly to unravel the debtor's affairs and secure assets of

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 218   Filed  06/22/11   Page 2 of 4

the estate. In this situation, I find that the time expended was reasonable, despite the fact that a few of the time entries should have more detail.

Some of the challenged entries are not really block billing. For example, Mr. Klevansky's time entry for March 8, 2011, describes in great detail the work he did to review and revise a preliminary injunction motion. If Mr. Klevansky had simply written " review and revise motion for preliminary injunction," no one would have complained of block billing. A professional should not be penalized for providing more information than is required in a time record. The work done on March 8, 2011, was really a single large task, and Klevansky Piper was not required to provide time breakdowns within that task.

Second, the creditors point to instances where different professionals apparently charged different amounts of time for the same meeting or task. Klevansky Piper has satisfactorily explained that most of the apparent discrepancies are not discrepancies at all. The remaining differences are small and well within the range of normal human error.

Third, the creditors object to meetings attended by multiple professionals. No single attorney or accountant could handle this case alone. Multiple professionals have to collaborate with one another in order to serve the estate's needs. Oftentimes this means that it is reasonable and cost effective to have

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 218   Filed 06/22/11   Page 3 of 4

multiple professionals present in meetings (particularly in the early stages of the case). The alternative is to have one professional attend the meeting and then report to his or her colleagues later. In many instances, that procedure would be more time consuming and less effective than simply having all professionals attend meetings that are relevant to their assigned tasks. The professionals have exercised reasonable billing judgment in deciding not to bill in all cases for the time spent by all professionals in the same meetings. I find that the amount of time billed for multiple professionals in the same meeting is reasonable in the circumstances of this case.

I share the creditors' concern with the administrative expenses of this (and all other) cases, and I appreciate the fact that they are willing to express their objections. (My only reservation is that they should have expressed those objections in their initial response to the motion.) Having carefully considered the objections and independently reviewed the applications and supporting information, I will approve and allow as filed the first interim applications for compensation filed by Klevansky Piper and KMH. Counsel is directed to prepare appropriate orders.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 06/22/2011

4

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 218   Filed 06/22/11   Page 4 of 4