

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 10-03454 |
| | Chapter 7 |
| THE MORTGAGE STORE, | |
| Debtor. | Related Docket No.: 892 |

## MEMORANDUM OF DECISION ON HSBC BANK'S MOTION FOR DISBURSEMENT OF PROCEEDS

HSBC[1] claims a first mortgage, and the bankruptcy trustee of The Mortgage

Store ("TMS") claims a second mortgage on property formerly owned by Mr. and

Mrs. Abatie. The TMS trustee sold the property and is holding a portion of the

proceeds pending resolution of his objections to HSBC's claims. HSBC seeks

disbursement of all the remaining proceeds. For the following reasons, I will grant

HSBC's motion in large part but will allow a reduced amount of attorneys' fees to

HSBC.

---

[1] More precisely, HSBC Bank USA, N. A., as trustee for the holders of Deutsche Alt-A
Securities Mortgage Loan Trust, Series 2007-OA2 Mortgage Pass-Through Certificates pursuant
to the Pooling and Servicing Agreement, dated as of March 1, 2007, a/k/a HSBC Bank USA,
N.A. as Trustee for DALT 2007-OA2.

**Facts**

In 2003, IndyMac Bank, F.S.B. ("IndyMac"), agreed to make a construction loan to Lawrence and Kathy Abatie in the amount of $524,000. The Abaties signed a promissory note and a mortgage that encumbered the Abaties' property in Lahaina.[2] The mortgage secures "the repayment of the Loan [including 'the debt evidenced by the Note'], and all renewals, extensions, and modifications of the Note."[3]

The note provided an initial interest rate of six percent per annum, subject to annual change based on an index. The interest rate could not exceed twelve percent and would never change by more than two percentage points at any one time. The note further provided for adjustable monthly payments of principal and interest based on a thirty-year amortization period.

The note gives HSBC "the right to be paid back by [the obligor] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."[4] The mortgage provides that "Lender may charge Borrower fees for services

---

[2] Dkt. 892-2, -3.

[3] Dkt. 892-3 at 3, 4.

[4] Dkt. 892-2 at 4.

2

performed in connection with Borrower's default, for the purpose of protecting

Lender's interest in the Property and rights under this Security Instrument,

including, but not limited to, attorneys' fees. . . . Lender may not charge fees that

are expressly prohibited by . . . Applicable Law."[5] Section 22 of the mortgage also

provides that, if the borrower defaults, "Lender shall be entitled to collect all

expenses incurred in pursuing the remedies provided in this Section 22, including,

but not limited to, reasonable attorneys' fees . . . ."

In 2006, The Mortgage Store lent the Abaties $220,000, secured by a

second mortgage on the Lahaina property.[6]

In 2007, IndyMac and the Abaties entered into a Modification Agreement.[7]

The modification agreement says that it "MODIFIES THAT NOTE [i.e., the

Abaties' 2003 note] TO CHANGE THE INTEREST RATE AND MONTHLY

PAYMENT."[8] IndyMac and the Abaties agreed that the principal balance was

$524,000. The interest rate calculation was changed in many respects. Among

other things, the maximum interest rate was reduced from twelve percent to 9.95

---

[5] Dkt. 892-3 at 11.

[6] Dkt. 903 at 148.

[7] Dkt. 892-4 at 2.

[8] Dkt. 892-4 at 2 (capitalization in original).

3

percent. The payment schedule was also revised to permit "negative amortization"; subject to various complicated limitations, the Abaties could pay less than the monthly accrual of interest, and the unpaid interest would be added to the principal amount of the loan. The mortgage was not amended and no new mortgage was recorded.

At some point, through a series of intermediate transfers, HSBC succeeded to the interest of IndyMac in the Abaties' loan. HSBC has possession of the original promissory note, which is endorsed in blank.

Mrs. Abatie filed a chapter 13 bankruptcy case in 2008 that was dismissed in 2009. She filed another chapter 13 case in 2009 that was dismissed in 2010.

In 2010, TMS filed this chapter 7 case.

In 2011, Mrs. Abatie filed her third bankruptcy case, this time under chapter 7. Both HSBC and the TMS trustee obtained relief from the stay to foreclose their respective mortgages. The TMS trustee commenced a judicial foreclosure proceeding. HSBC could have sought foreclosure of its mortgage in that proceeding but inexplicably did not. The TMS trustee obtained a decree of foreclosure and was the successful bidder at the foreclosure sale. Thus, the TMS trustee became the owner of the property, subject to the HSBC mortgage.

In 2013, I authorized the TMS trustee to sell the property for $840,000, to

4

pay the costs of sale, to pay HSBC the then undisputed part of the HSBC debt ($524,000), and to retain the remaining proceeds until the HSBC debt could be determined.

The parties exchanged information about HSBC's claim. Both parties are dissatisfied with the other's performance in this process. The TMS trustee complains that HSBC produced documents and information too slowly, and HSBC complains that the TMS trustee took too long to review the information that HSBC produced.

In December 2013, HSBC filed the motion that is before me now. The TMS trustee objects to the motion on numerous grounds and argues, not only that HSBC should receive none of the additional sale proceeds, but that it should also refund the $524,000 it received at closing.

## Discussion

### 1.     HSBC's Right to Enforce the Note and Mortgage

The TMS trustee argues that HSBC has not established that it is entitled to enforce the loan and mortgage. I disagree.

The TMS trustee acknowledges that the promissory note is a negotiable instrument and that it was endorsed in blank. HSBC has established that its

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed  04/08/14   Page 5 of 47

counsel has possession of it. Thus, HSBC is a person entitled to enforce the note.[9]

The TMS trustee argues that the recorded assignment of the mortgage does not also transfer the note. This is correct but irrelevant. Under Hawaii law (and the law of most other states), the collateral follows the obligation.[10] A transfer of a promissory note automatically transfers any security for that note.[11] HSBC is therefore also entitled to the benefit of the mortgage without a separate assignment of the mortgage.

The TMS trustee argues that "[t]he assignment of a security interest, without a concomitant assignment of the underlying obligation, severs the security from the obligation it secured."[12] The premise of this argument–that the mortgage was transferred but the note was not–is false. The note was transferred to HSBC (by endorsement in blank and delivery of the original instrument). Therefore, there was no such separate transfer of the mortgage. Even if the premise were true, the conclusion would not follow. Assuming that HSBC acquired the mortgage but not

---

[9] Haw. Rev. Stat. §§ 490:3-309, 490-1-201.

[10] *S.N. Castle Estate v. Hanebert*, 20 Haw. 123, 130 (Haw. 1910) ("The assignment of the notes, however, of itself operated as a matter of law as an assignment of the mortgage and of the mortgagee's powers under it.").

[11] *See id.; see also* James M. Davis, *The Mortgage-Follows-the-Note Rule*, Norton Bankr. L. Advisor, September 2013.

[12] Dkt. 903 at 39.

6

the note, the claim would not necessarily become unsecured. Because the obligation and the collateral are inseparable, one cannot assign a mortgage without also transferring the note. An attempt to transfer the mortgage apart from the note does not, however, invalidate the mortgage. Rather, such an assignment is ineffective.[13]

## 2.     Effect of the 2007 Modification Agreement

The trustee's argues that "[t]he 2007 Modification Agreement was essentially a new note," and that the 2003 mortgage does not secure the "new note" or any additional principal or other charges arising from that modification.  I disagree.

There is only one obligation of the Abaties to HSBC and its predecessors. HSBC's predecessor lent money to the Abaties and the Abaties promised to pay it back.  The modification agreement changed the interest rate and repayment terms of that existing debt.  This change did not create a new obligation or destroy the existing security for that obligation.

The 2003 mortgage secures the debt under the note as modified by the 2007 modification agreement. The mortgage says that it secures modifications of the original note.  TMS had constructive notice of this provision of the recorded

---

[13] *See, e.g.,* 55 Am. Jur. 2d *Mortgages* § 927 (2014).

7

mortgage when it made its second mortgage loan. The lender was not required to record a new mortgage or an amendment to the existing mortgage due to the modification agreement.

The trustee argues that the 2007 amendment cannot be enforced against him because the negative amortization feature of the modification materially jeopardized his second lien position. He cites only one court decision in support of his argument, *Remodeling & Const. Corp. v. Melker*.[14] The *Melker* decision is a trial court decision based on New York law that cites no authority and contains almost no analysis. A later decision of the same court, citing substantial authority, holds that "[t]he consent of a second mortgage is not required in order to validate a modification of the terms of a first mortgage" and limits the rule of *Melker* to modifications that "render the junior lien practically valueless."[15]

Neither the trustee nor HSBC cites any Hawaii law on point. I predict that a Hawaii court would hold that, in the absence of an agreement between the senior and junior lienholder, the junior lienholder cannot challenge a change of the interest rate or payment schedule for the debt secured by the senior mortgage,

---

[14] 65 N.Y.S.2d 738 (Sup. Ct.), aff'd without opinion, 270 App. Div. 1053, 64 N.Y.S. 2d 175 (App. Div. 1946).

[15] *100 Eighth Ave. Corp. v. Morgenstern*, 3 Misc. 2d 410, 150 N.Y.S.2d 471 (Sup. Ct. 1956), aff'd, 4 A.D.2d 754, 164 N.Y.S.2d 812 (App. Div. 1957).

8

where the first mortgage expressly states that it secures "modifications" of the original note. This is consistent with the Restatement (Third) of Property.[16] A lender that makes a loan secured by a junior mortgage should not be allowed to force the senior lender to protect the junior lender's interests, particularly where the first mortgage puts the junior lender on notice that the first mortgage secures modifications of the debt. Junior lenders desiring such protection should negotiate for it with the senior lender. (Even assuming that a Hawaii court would follow the New York rule, the modifications in this case–effectively an increase in the interest rate–did not render TMS' second mortgage lien practically valueless.)

The TMS trustee argues that Hawaii law disfavors negative amortization. I disagree. Nothing in Hawaii law precludes "negative amortization," "interest on interest," or the capitalization of accrued but unpaid interest. Prior to 1986, Hawaii law forbade compound interest in most circumstances.[17] But in 1986, the legislature amended the statute so the prohibition applies only to certain kinds of

---

[16] Restatement (Third) of Property (Mortgages) § 7.3(c) (1997). Hawaii courts frequently follow the relevant Restatement. *See, e.g.*, *McIntosh v. Murphy*, 52 Haw. 29 (Haw. 1970) (citing the Restatement (Second) of Contracts); *see also Bynum v. Magno*, 106 Haw. 81 (Haw. 2004) (citing the Restatement (Second) of Torts); *see also In re Estate of Damon*, 109 Haw. 502 (Haw. 2006) (citing the Restatement (Second) of Property); *see also Lahaina Fashions v. Bank of Hawaii*, 131 Haw. 437 (Haw. 2014) (citing the Restatement (Third) of Trusts).

[17] Haw. Rev. Stat. § 478-7 (1985).

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed  04/08/14   Page 9 of 47

credit transactions, none of which matches the Abaties' first mortgage loan.[18]

The trustee says that the negative amortization feature of the modified note was unconscionable. But the Hawaii legislature legalized compound interest (in most circumstances) nearly thirty years ago. I will not employ the unconscionability doctrine to invalidate a term that the legislature has approved.[19]

Therefore, HSBC correctly used the 2007 modification agreement to compute the interest, late fees, and other amounts due to it and secured by its first mortgage.

**3.      Amount of HSBC's Claim**

HSBC argues that the TMS trustee is a non-party to the loan and therefore lacks standing to object to the amount of HSBC's claim. HSBC is wrong under both federal and state law.

First, under bankruptcy law, the trustee has the right, and "if a purpose would be served" the statutory duty, to object to claims against the estate.[20] Although HSBC has not filed a proof of claim, it has asserted a secured claim against property which the trustee now owns. The trustee has the right and the

---

[18] Haw. Rev. Stat. § 478-7 (2012). HSBC's loan to the Abaties is neither a "consumer credit transaction" nor a "credit card agreement." *Id*. § 478-1.

[19] *Id*. at 14.

[20] 11 U.S.C. § 704(5).

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed 04/08/14   Page 10 of 47

duty to ensure that HSBC does not get more than its proper share of the estate's assets.

Second, under Hawaii state law, "[t]he mortgagor, or any subsequent mortgagee, may defend the action for foreclosure, and may show any matter in legal or equitable avoidance of the mortgage."[21] Where the mortgaged property is not worth enough to cover all liens on the property, the amount of the senior liens has a direct effect on the junior lienors' economic interest. A junior lienor, such as the TMS trustee, is entitled to protect his economic interests in court.

The trustee challenges HSBC's computation of its claim on various grounds.

The trustee argues that HSBC has not established that it advanced the full amount of the construction loan, and that HSBC must establish the date of each advance in order to substantiate its calculation of interest. I disagree. In the 2007 modification agreement, the Abaties agreed that the principal amount of the debt was $524,000.[22] The loan ledger says the same thing.[23] This is sufficient to prove the principal amount of the debt as of 2007. Similarly, the loan ledger indicates

---

[21] Haw. Rev. Stat. § 667-4.

[22] Dkt. 892-4 at 2, para. 1.

[23] Dkt. 892-8.

11

that there was no unpaid interest as of the modification agreement.[24]  Because the

claim apparently does not include any interest accrued during the construction

loan phase, the trustee's question about the date of the advances is irrelevant.

The trustee argues that HSBC has not adequately documented its calculation

of the escrow balance.  Although HSBC's documentation is confusing and hard to

read, I find that the claim is adequately substantiated.

At the hearing on this motion, the trustee argued for the first time that

HSBC's evidence was inadmissible because HSBC did not provide a foundational

declaration by an HSBC employee. I overrule this objection as untimely. The TMS

trustee filed an objection to the motion and a supplemental reply but did not object

to the lack of a declaration.

## 4.     HSBC's Attorneys' Fees

The trustee objects to HSBC's claim for attorneys' fees on several grounds.

The TMS trustee objects to the heavy redaction of the billing information

supporting the attorneys' fees request.  At the hearing on HSBC's motion, I agreed

with HSBC's suggestion that I review the unredacted billing statements in camera.

---

[24] *Id*. The ledger records the "loan setup"on February 15, 2007, and lists a principal balance of $524,000 as of that date.  The ledger then records a payment on February 23, 2007, most of which was applied to interest, but a portion of which was applied to principal.  This implies that there was no significant amount of accrued but unpaid interest as of the modification date.

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed  04/08/14   Page 12 of 47

I also encouraged HSBC's counsel to review the redactions because I found it hard to believe that so much material in the bills was truly privileged.

HSBC has now submitted unredacted statements for in camera review and revised redacted statements. The dramatic change in the amount of redaction confirms that the original redaction was grossly excessive. Particularly egregious is the redaction of the hourly rates charged by the Alston Hunt firm, a fact which could not conceivably be privileged.

The remaining redaction is still excessive. Most of the redacted information describes the general subject matter of a communication. This is not privileged and must usually be revealed in a privilege log.

I will not waste further time on this collateral issue, however. The TMS trustee has had a fair opportunity to object to HSBC's claim and I can independently review the redacted entries.

The TMS trustee objects to all of the fees and costs charged before HSBC acquired the note and mortgage. I do not accept this contention. The holder of a note is entitled to collect all amounts owed under the note. It does not matter that a prior holder actually incurred and paid the collection costs that are included in the claim, just as it does not matter that a prior holder actually made the loan evidenced by the note.

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed  04/08/14   Page 13 of 47

HSBC seeks reimbursement for $57,183.02 of attorneys' fees incurred by six law firms. One would expect higher than normal fees because the lender had to deal with four bankruptcy proceedings spanning a six year period. But a significant portion of the fees are unsubstantiated, unreasonable, or both.

*Rush Moore, LLP, $9,481.88.* In support of this claim, HSBC has submitted documents[25] which do not include time records or any meaningful description of the work done. They do not even look like a law firm's billing statements, but instead appear to be summaries of the attorneys' bills, prepared for the lender's internal accounting purposes. (Note that the documents supporting the claims of two other firms are in identical format.[26]) Because of the lack of information, HSBC has not carried its burden of establishing that this is a reasonable fee for the work done. Thus, HSBC's claim for attorneys' fees must be reduced by $9,481.88.

*Barrett, Daffin, et al., $950.00.* Although the documentation for this claim is scanty,[27] it appears that the firm filed a proof of claim and a motion for relief from the stay in one of Ms. Abatie's bankruptcy cases. This claim is reasonable.

*RCO Legal, $2,974.64.* Of this amount, $1,332.64 is adequately described

---

[25] Dkt. 892-11 at 68-75.

[26] Dkt. 892-11 at 61-67, 76-77.

[27] Dkt. 892-11 at 76-77.

14

as being for filing a proof of claim, reviewing a plan, filing a motion for relief from stay, and proper out of pocket expenses such as a litigation guarantee and court filing fees. The remaining $1,642.00 is described only as "Attorneys Fees –Allowable" or "Attorneys Fees–Civil Litigation." This description is not sufficient to allow me to judge the reasonableness of the fee. Therefore, I will reduce this portion of the claim by $1,642.00.

*Law Office of David Rosen, $24,758.27.* I do not doubt that HSBC should pay this firm the amounts billed, but HSBC is not entitled to charge its borrower for three categories of work done by this firm.

First, the Rosen firm spent time getting information from RCO Legal and learning about the case, and then transferring the case to Alston Hunt. This work was only necessary because HSBC chose to replace the RCO firm and then chose to replace the Rosen firm. HSBC's debtor and the junior lienholder should not have to pay extra because the senior lender decided to change lawyers. (The relevant time entries are underlined in black on exhibit "A" to this decision.)

Second, the Rosen firm spent substantial time preparing pleadings and motions which were never filed. HSBC has never explained why it did not seek foreclosure of its own mortgage. I do not intend to be critical of the Rosen firm, because I do not doubt that the firm did the work at the request and for the benefit

15

of its client, but HSBC is not entitled to add these charges to the debt. (The relevant time entries are underlined in red on exhibit "A.")

Third, the Rosen firm spent substantial time identifying the holder of the mortgage and preparing mortgage assignment instruments for recording. Nothing in the loan documents permits HSBC to shift these costs to its borrower. (The relevant time entries are underlined in blue on exhibit "A.")

I will reduce this portion of the claim by $14,997.60.

*Alston Hunt Floyd & Ing, $4,518.85.* For the reasons given above, HSBC is not entitled to reimbursement for transition work caused by HSBC's decision to hire new counsel. The Alston firm had to do this work and its client should pay it, but the debtor and the junior lienor should not bear this burden. (The relevant time entries are underlined in black on exhibit "A.")

I will reduce this portion of the claim by $1,574.00.

*Allen Matkins Leck Gamble Mallory & Natsis, LLP, $14,499.38.* The timesheets indicate that this firm's sole role was to act as an intermediary between the loan servicer and the attorneys who actually did the work. Evidently the servicer has chosen to outsource work which could be done by the servicer's employees. This may or may not be a rational business decision, but the borrower and junior lender's burden should not be increased as a result. This case was not

16

so large or complex as to justify the lender's retention of both mainland and local counsel. Therefore, all of the Allen Matkins bills are disallowed.

HSBC's reasonable attorneys' fees and costs are $14,988.16.

5.    **TMS Trustee's Attorneys' Fees**

The TMS trustee argues that the attorneys' fees he incurred in challenging HSBC's claim should be deducted from HSBC's distribution.

HSBC argues that there is no authority for such a deduction. I disagree. Two theories might support such a recovery.

The first is the Hawaii statute which permits the prevailing party "in all actions on a promissory note or other contract in writing" to recover a reasonable attorneys' fee.[28] Only the party that prevails on the "disputed main issue" can recover under this statute.[29] I have awarded the bulk of the amounts requested by HSBC and have rejected most of the trustee's arguments. I cannot say that the TMS trustee prevailed on the disputed main issue.

Second, in my view, a lender who demands payment of a debt, including foreclosure of a lien, has an implied duty to respond promptly to reasonable

---

[28] Haw. Rev. Stat. § 607-14.

[29] *In re Hoopai*, 369 B.R. 506, 510 (B.A.P. 9th Cir. 2007), reversed on other grounds, 581 F.3d 1090 (9th Cir. 2009).

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed 04/08/14   Page 17 of 47

requests about the validity and amount of that debt.[30]  HSBC took far too long to produce basic loan documents.  For example, the trustee demanded production of the original promissory note in July 2013,[31] but HSBC's counsel did not receive it until February 25, 2014,[32] about two months after HSBC filed this motion. It is also true, however, that, due to the press of business, the TMS trustee's counsel took some time to review the materials that HSBC did produce.[33]

Considering that both parties are responsible, to some extent, for the delay, the fair remedy is to deny the trustee's claim for attorneys' fees and HSBC's claim for attorneys' fees incurred after the closing of the sale. It is worth noting that HSBC is not claiming interest after April 29, 2013.

## Conclusion

HSBC is entitled to disbursement of $172,819.48 of the sale proceeds. Counsel for HSBC shall prepare an appropriate separate order.

## END OF MEMORANDUM DECISION

---

[30] I have awarded fees on this theory against another creditor in this case.  Dkt. 705.

[31] Dkt. 823 at 11.

[32] Dkt. 930-9 at 2.

[33] Dkt. 930-8 at 1.

18

U.S. Bankruptcy Court - Hawaii   #10-03454   Dkt # 945   Filed  04/08/14   Page 18 of 47

# EXHIBIT "A"

## DISALLOWED ATTORNEYS' FEES



## ALSTON HUNT FLOYD & ING
### LAWYERS
A LAW CORPORATION

1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Honolulu, HI 96813
Tel: (808) 524-1800
Fax: (808) 524-4591
e-mail: info@ahfi.com
www.ahfi.com
Federal I.D. # 99-0287757
Hawaii I.D. # 10438996

ONEWEST BANK, FSB
c/o Allen Matkins
515 S. Figueroa, 9th Flr.
aschoor@allenmatkins.com
LA, CA 90071-3398

February 13, 2013
**Invoice No. 325591**

For Legal Services Rendered through January 2013

Re:     Short Name Matter:  Field, D. v. Abatie. L&K
        OWB Co. File Number:
        Local Counsel Billing Number:  194530-01098
        Firm File Number:

| Date | By | Description | Time |
|------|-----|-------------|------|
| 12/04/12 | JAT | telephone call from A. Schoor re bankruptcy issue | 0.10 |
| 12/06/12 | TLC | meet with J. Tanaka re background (.3); review docket for The Mortgage Co. bankruptcy, Adversary proceeding commenced by trustee, district court docket, and underlying documents (1.8) | 2.10 |
| 12/06/12 | JAT | telephone call from A. Schoor re status and strategy (.2) | 0.20 |
| 12/06/12 | JAT | telephone call from A. Schoor re case background and strategy (.2); conferences with T. Colman re status of bankruptcy and federal court foreclosure proceedings (.3) | 0.50 |
| 12/19/12 | JAT | e-mails form K. Weiss and A. Schoor re collateral file for loan (.1) | 0.10 |
| 12/31/12 | JAT | e-mails from K. Weiss and A. Schoor re collateral file (.1) | 0.10 |
| 01/02/13 | JAT | prepare status report (.1) | 0.10 |
| 01/29/13 | JAT | e-mails from K. Weiss and A. Schoor re recorded Amended Assignment of Mortgage (.1); review Amended AOM (.1) | 0.20 |
| 01/30/13 | JAT | review prior counsel's files (.8); prepare status report (.1); prepare withdrawal and substitution of counsel in bankruptcy case (.2) | 1.10 |
| 01/31/13 | JAT | telephone call to L. Akitake re status of adversary proceeding (.1); e-mails from/to D. Rosen re federal court bankruptcy matter (.1); telephone call from D. Rosen re status (.2); e-mail to A. Schoor re notice of | 0.50 |

| Date | By | Description | | Time | |
|---|---|---|---|---|---|
| | | substitution of counsel (.1) | | | |
| **By** | | | Rate | Time | Amount |
| TLC | TINA L. COLMAN - OF COUNSEL | | 300.00 | 2.10 | 630.00 |
| JAT | JUDY A. TANAKA - OF COUNSEL | | 295.00 | 2.90 | 855.50 |
| **Legal Services** | | | | 5.00 | $1,485.50 |

State Excise Tax                                                                70.00

**Fee Subtotal**                                                            $1,555.50


                                          **Invoice Total**                 $1,555.50



**ALSTON HUNT FLOYD & ING**
**LAWYERS**

A LAW CORPORATION

1001 Bishop Street, Suite 1800
Honolulu, HI 96813
(808) 524-1800
Honolulu, HI 96813
Tel: (808) 524-1800
Fax: (808) 524-4591
e-mail: info@ahfi.com
www.ahfi.com
Federal I.D. # 99-0287757
Hawaii I.D. # 10438996

ONEWEST BANK, FSB
c/o Allen Matkins
515 S. Figueroa, 9th Flr.
aschoor@allenmatkins.com
LA, CA 90071-3398

March 20, 2013
**Invoice No. 326389**

For Legal Services Rendered through February 2013

Re:     Short Name Matter:   Field, D. v. Abatie, L&K
        OWB Co. File Number:
        Local Counsel Billing Number:   194530-01098
        Firm File Number:

| Date | By | Description | Time |
|------|-----|-------------|------|
| 02/01/13 | JAT | review e-mail from S. Klevansky re status of federal court foreclosure case (.1); conference with T. Colman re status of federal court matter (.5) | 0.60 |
| 02/02/13 | JAT | e-mail to A. Schoor re S. Klavensky's position on status of federal court case (.1) | 0.10 |
| 02/04/13 | JAT | e-mails from/to A. Schoor and K. Weiss re substitution of counsel (.1); review bankruptcy docket sheet (.3) | 0.40 |
| 02/04/13 | JAT | prepare request for notice in the bankruptcy court action (.2); work on relief from stay (.2) | 0.40 |
| 02/06/13 | JAT | telephone call to S. Klevansky re background and status of sale of property (.6); e-mail to A. Schoor re communication with S. Klevansky (.8) | 1.40 |
| 02/07/13 | JAT | e-mails from/to A. Schoor re breach/demand letter (.2) | 0.20 |
| 02/08/13 | JBR | strategize with J. Tanaka | 0.20 |
| 02/08/13 | JAT | e-mails from/to A. Schoor re motion for relief and foreclosure issues (.1); research re status of any foreclosure action (.3) | 0.40 |
| 02/11/13 | MIHO | confer with J. Tanaka regarding status and strategy (.4) | 0.40 |
| 02/11/13 | JAT | e-mail to A. Schoor re existence of foreclosure proceedings (.1) | 0.10 |
| 02/11/13 | JAT | conference with M. Holden re procedural posture of case and preparation of motion for relief from stay | 0.40 |

| Date | By | Description | Time |
|------|-----|-------------|------|
| | | (.4) | |
| 02/13/13 | MIHO | analysis regarding motion for relief from stay and foreclosure action (1.3); confer with J. Tanaka regarding strategy and future action (.2) | 1.50 |
| 02/13/13 | JAT | conferences with M. Holden re motion for relief from stay and strategy (.7); e-mail to A. Schoor re notice to borrowers of default (.1); e-mail to A. Schoor re balance owed on mortgage (.2); review records re bankruptcy proceeding (.7) | 1.70 |
| 02/15/13 | MIHO | analysis regarding relief motion (.3) | 0.30 |
| 02/15/13 | JAT | e-mail from K. Weiss re amounts outstanding on loan (.1); e-mails from/to A. Schoor re notice of default (.1) | 0.20 |
| 02/19/13 | MIHO | review emails regarding amounts due and future action (.1); work on motion for relief from stay (.3) | 0.40 |
| 02/19/13 | JAT | e-mails from/to K. Weiss re amounts owed (.2) | 0.20 |
| 02/20/13 | MIHO | research regarding (1.0); draft motion for relief from automatic stay (1.2); confer with J. Tanaka regarding strategy and stay (.3) | 2.50 |
| 02/27/13 | MIHO | analysis regarding bankruptcy rules in connection with relief motion (.1); confer with J. Tanaka regarding relief motion (.1) | 0.20 |
| 02/28/13 | JAT | prepare status report (.2) | 0.20 |

| By | | Rate | Time | Amount |
|-----|-----|------|------|--------|
| MIHO | MIRIAH HOLDEN - ASSOCIATE | 175.00 | 5.30 | 927.50 |
| JBR | JAMES B. ROGERS - ASSOCIATE | 220.00 | 0.20 | 44.00 |
| JAT | JUDY A. TANAKA - OF COUNSEL | 295.00 | 6.30 | 1,858.50 |
| **Legal Services** | | | 11.80 | $2,830.00 |

State Excise Tax                                                133.35

**Fee Subtotal**                                                $2,963.35

Invoice Total                                                $2,963.35

# LAW OFFICE OF DAVID B. ROSEN ·

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

A LAW CORPORATION

810 Richard Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br><br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figurora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie. L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: · |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| July 05, 2011 | 2532 | |

*438232*

## PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/14/2011 | Initial review of new matter; telephone conference with trustee's counsel regarding same. | 0.70<br>250.00/hr | 175.00 |
| | Review emails from A.Shoor and DBR regarding new case. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 6/15/2011 | Further review of file; commence drafting analysis. | 0.30<br>250.00/hr | 75.00 |
| 6/17/2011 | Draft budget; initial case analysis; confirm withdrawal and substitution with Routh, Crabtree, Olsen Hawaii. | 1.00<br>250.00/hr | 250.00 |
| 6/20/2011 | Review email from A.Shoor regarding Withdrawal and Substitution and loan documents; review DBR's email to A.Shoor regarding Withdrawal and Substitution and strategy; draft Withdrawal and Substitution; research bankruptcy rules regarding same. (LMA) | 0.90<br>225.00/hr | 202.50 |
| 6/21/2011 | Conference with DBR regarding Withdrawal and Substitution; draft email to A.Shoor with same for review and approval. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 6/22/2011 | Review email from J.Picazo regardin proposed strategy; draft email to A.Shoor regarding same; review email response; draft email to J.Picazo, A.Shoor, and DBR regarding same.(LMA) | 0.30<br>225.00/hr | 67.50 |
| 6/27/2011 | Review emails from DBR and J.Picazo regarding '; draft follow up email to J.Picazo regarding Withdrawal and Substitution. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 6/28/2011 | Review email from A.Shoor regarding Wells Fargo, service, and Notice of Default; pacer research regarding Notice of Default and docket; review documents from A.Shoor regarding service of Wells Fargo. (LMA) | 0.40<br>225.00/hr | 90.00 |

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/29/2011 | Conference with DBR and A.Shoor regarding Wells Fargo, Withdrawal and Substitution, note and mortgage holder, and counterclaim. (LMA) | 0.20 225.00/hr | 45.00 |
| | Review email from J.Picazo regarding Withdrawal and Substitution; draft email response regarding same. (LMA) | 0.20 225.00/hr | 45.00 |
| | Analyze withdrawal and substitution and counterclaim issues regarding identity of client and real party in interest (Wells Fargo) (LMA) | 0.50 225.00/hr | 112.50 |
| | For professional services rendered | 5.10 | $1,197.50 |
| | Hawaii GET (4.712%) | | $56.43 |
| | TOTAL AMOUNT OF THIS BILL | | $1,253.93 |
| | BALANCE DUE | | $1,253.93 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richard Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br><br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figurera Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie, L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| July 01, 2011 | 2575 | 7/5/2011 |

## PROFESSIONAL SERVICES:

44/853

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 7/1/2011 | Review emails from J.Picazo regarding Withdrawal and Substitution revisions and execution (.1); draft email response regarding same, and revise Withdrawal and Substitution accordingly (.1); conference with DBR regarding OneWest's Withdrawal and Substitution revisions (.2). (LMA) | 0.40<br>225.00/hr | 90.00 |
| 7/5/2011 | Conferences with DBR regarding HSBC client name (.2); review 550 page loan file (2.4); telephone confemeces with foreclosure firm regarding non-judicial and loan documents (.1); telephone conference with A.Shoor regarding same (.1); draft email to J.Picazzo, A.Shoor, and DBR regarding Amended Assignment of Mortgage issue, moot Notice of Intention, OneWest Bank's approval of recommended (.2); draft monthly status to A.Shoor (.1); conference with DBR regarding loan file and documents, Notice of Intention and Assignment of Mortgage issues, status of Withdrawal and Substitution, Stipulation regarding counterclaim (.2); telephone conference with RRI regarding Stipulation (.1). (LMA) | 3.40<br>225.00/hr | 765.00 |
| 7/6/2011 | Draft Stipulation for Leave to File Counterclaim/CrossClaim . (RRI) | 1.00<br>225.00/hr | 225.00 |
| | Research bankruptcy and federal rules regarding Stipulation for Leave to File Counterclaim/Crossclaim (.4); conference with RRI regarding drafting same (.1). (LMA) | 0.50<br>225.00/hr | 112.50 |
| 7/7/2011 | Conferences with DBR regarding Stipulation & Counterclaim (.1); review email from J.Picazzo regarding Pooling, Servicing Agreement, HSBC's name, and Withdrawal and Substitution (.1); review Pooling, Servicing Agreement(.2). (LMA) | 0.40<br>225.00/hr | 90.00 |

Matter:D  v  Abatie, L&K
OWB #
Local Counsel #: 194530-01098
Firm File #

| | Hrs/Rate | Amount |
|---|---|---|
| 7/13/2011 Review email from J.Picazzo re PSA and HSBC's name (.1); review PSA (.3); conference with DBR regarding PSA, Assignment, HSBC's name, Withdrawal and Substitution, Stipulation regarding Counterclaim, and Wells Fargo (.4); draft email to J.Picazzo and A.Shoor regarding same (.3). (LMA) | 1.10 225.00/hr | 247.50 |
| Analyze amending assignment and correct identity of foreclosing Mortgagee. (DBR) | 0.30 250.00/hr | 75.00 |
| 7/14/2011 Review email from A.Shoor regarding telephone conference regarding caption, HSBC's name, strategy, and Wells Fargo (.1); prepare for telephone conference with A.Shoor, J.Picazzo, and DBR regarding same (.1); telephone conference with same regarding same (.4); conference with DBR regarding secured emails (.2). (LMA) | 0.80 225.00/hr | 180.00 |
| Review emails from J. Picazo. (DBR) | 0.40 250.00/hr | 100.00 |
| 7/15/2011 Telephone conference with foreclosure clerk at Routh Crabtree and Olsen regarding obtaining Litigation Guarantee and supporting loan documents for counterclaim for foreclosure; draft email to C. Sumida at First American regarding Amended Assignment regarding HSBC's name. (LMA) | 0.20 225.00/hr | 45.00 |
| Conference with RRI regarding Stipulation, counterclaim for foreclosure, date down, litigation guarantee, HSBC's name for Assignment, trustee's Motion for Summary Judgment, and communications with the title company and foreclosure firm regarding the counterclaim (.4); draft email to DBR regarding same (.1). (LMA) | 0.50 225.00/hr | 112.50 |
| 7/18/2011 Draft Amended Assignment of Mortgage. (RRI) | 0.80 225.00/hr | 180.00 |
| 7/19/2011 Draft Counterclaim/Cross-Claim for Foreclosure (3.3); review loan documents for supporting documents needed for same (.3). (RRI) | 3.60 225.00/hr | 810.00 |
| Review emails from RRI and title company regarding HSBC's name (.1); conference with DBR regarding same (.1). (LMA) | 0.20 225.00/hr | 45.00 |
| 7/22/2011 Follow up with Bankruptcy Trustee's counsel regarding counterclaim and commission to trustee; respond to correspondence from J. Picazo. (DBR) | 0.50 250.00/hr | 125.00 |
| 7/25/2011 Analyze Complaint and loan file for potential , and summarize spreadsheet for client. (WKY) | 0.40 225.00/hr | 90.00 |
| 7/26/2011 Review and analyze file to provide additional information regarding defenses for spreadsheet. (WKY) | 0.20 225.00/hr | 45.00 |

OneWest Bank
Matter:D. v. Abatie. L&K
OWB #:
Local Counsel #: 194530-01098
Firm File i

|  | | Hrs/Rate | Amount |
|---|---|---|---|
| 7/27/2011 | Follow up on status regarding Withdrawal and Substitution of Counsel; review and analyze file for strategy. (WKY) | 0.40 225.00/hr | 90.00 |
| | For professional services rendered | 15.10 | $3,427.50 |

ADDITIONAL CHARGES:

| 7/14/2011 | Photocopy cost @ $0.10 per copy for filing the Withdrawal and Substitution of Counsel at Court with attached Order. | 2.60 |
|---|---|---|
| | Messenger for filing the Withdrawal and Substitution of Counsel at Court with attached Order. | 5.00 |
| | Total costs | $7.60 |
| | Hawaii GET (4.712%) | $161.50 |
| | TOTAL AMOUNT OF THIS BILL | $3,596.60 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richard Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br><br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, CA 90071 | Matter: D. v. Abatie. L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| September 09, 2011 | 2644 | 7/5/2011 |

*4√2452*

### PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 8/1/2011 | Conference with DBR and WKY regarding Stipulation for Leave to File Counter and Cross-claim, Withdrawal and Substitution, Counter and Cross-claim, Trustee's Motion for Summary Judgment hearing, and Assignment of Mortgage issue (.3). (LMA) | 0.30<br>225.00/hr | 67.50 |
| 8/10/2011 | Draft monthly status report. (DBR) | 0.30<br>250.00/hr | 75.00 |
| 8/12/2011 | Prepare for and attend Motion for Summary Judgment hearing in bankruptcy court (1.0); draft follow up status to client (.2). (DBR) | 1.20<br>250.00/hr | 300.00 |
| 8/25/2011 | Review and analyze status of trial date and next procedural events per client's request. (WKY) | 0.20<br>225.00/hr | 45.00 |
| | For professional services rendered | 2.00 | $487.50 |
| | Hawaii GET (4.712%) | | $22.97 |
| | TOTAL AMOUNT OF THIS BILL | | $510.47 |



# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richard Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank | Matter:D. v Abatie. L&K |
| c/o Andrea Schoor, Esq. | OWB #: |
| Allen Matkins Leck Gamble Mallory & Natsis LLP | Local Counsel #: 194530-01098 |
| 515 South Figuerora Street, 9th Floor | Firm File #: |
| Los Angeles, CA 90071 | |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| October 25, 2011 | 2690 | 9/9/2011 |

### PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 9/9/2011 | Draft monthly status report. (DBR) | 0.40 250.00/hr | 100.00 |
| 9/23/2011 | Attend Bankruptcy status conference (1.0); review Plaintiff's Motion to Withdraw Reference (.4). (DBR) | 1.40 250.00/hr | 350.00 |
| | For professional services rendered | 1.80 | $450.00 |
| | Hawaii GET (4.712%) | | $21.20 |
| | TOTAL AMOUNT OF THIS BILL | | $471.20 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 850
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie. L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| November 17, 2011 | 2744 | 10/25/2011 |

## PROFESSIONAL SERVICES:

| | Hrs/Rate | Amount |
|---|---|---|
| 10/11/2011 Draft monthly status report. (DBR) | 0.30<br>250.00/hr | 75.00 |
| 10/17/2011 Telephone conference with A. Schoor regarding case strategy. (DBR) | 0.30<br>250.00/hr | 75.00 |
| 10/18/2011 Review prior monthly status for updated budget, and conference with DBR regarding same (.2); draft updated budget for A. Schoor ( .7). (LMA) | 0.90<br>225.00/hr | 202.50 |
| 10/24/2011 Analyze United States District Court Notices regarding Withdrawal of Motion to Withdraw Reference and Termination of United States District Court case (.3); conference with DBR regarding same (.1). (LMA) | 0.40<br>225.00/hr | 90.00 |
| For professional services rendered | 1.90 | $442.50 |
| Hawaii GET (4.712%) | | $20.85 |
| TOTAL AMOUNT OF THIS BILL | | $463.35 |

# LAW OFFICE OF DAVID B. ROSEN

A L A W C O R P O R A T I O N

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaiilr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie. L&K<br>OWB #<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| December 13, 2011 | 2749 | 11/17/2011 |

## PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 11/1/2011 | Draft monthly status report to A. Schoor (.6); conference with DBR regarding same (.2); pacer research regarding status of USDC case (.2). (LMA) | 1.00<br>225.00/hr | 225.00 |
| 11/18/2011 | Conference with DBR regarding Amended Assignment, Stipulation for Relief from Stay in the Mortgage Store Bankruptcy case and other matters (.2); draft Amended Assignment, conference with DBR regarding Amended Assignment revisions, revise same (2.0). (LMA) | 2.20<br>225.00/hr | 495.00 |
| 11/22/2011 | Draft email to A. Schoor regarding Amended Assignment for review. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 11/23/2011 | Draft email follow up to A. Schoor regarding Amended Assignment. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 11/24/2011 | Telephone conference with A. Schoor regarding case strategy regarding Amended Assignment, Stipulations, and Motion for Summary Judgment. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 11/28/2011 | Review emails from J. Picazzo and A. Schoor regarding Amended Assignment, draft email responses. (LMA) | 0.20<br>225.00/hr | 45.00 |
| 11/30/2011 | Draft monthly status report to A. Schoor (.5); pacer research regarding Mortgage Store Bankruptcy case, Abaties' Bankruptcy case, and AP case for monthly status (.5). (LMA) | 1.00<br>225.00/hr | 225.00 |
| | For professional services rendered | 5.00 | $1,125.00 |
| | Hawaii GET (4.712%) | | $53.01 |
| | TOTAL AMOUNT OF THIS BILL | | $1,178.01 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9555
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie. L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| January 24, 2012 | 2772 | 1/11/2012 |

## PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 12/15/2011 | Review email from J. Picazzo regarding Amended Assignment, draft email response. (LMA) | 0.20<br>225.00/hr | 45.00 |
| | For professional services rendered | 0.20 | $45.00 |
| | Hawaii GET (4.712%) | | $2.12 |
| | TOTAL AMOUNT OF THIS BILL | | $47.12 |

# LAW OFFICE OF DAVID B. ROSEN

A  L A W  C O R P O R A T I O N

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie. L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| March 27, 2012 | 2806 | 1/24/2012 |

## PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 1/3/2012 | Review email from J. Picazo regarding Amended Assignment (.1); review email correspondence, PSA, Notice of Intent to Foreclose, and assignments regarding same (.5); telephone conferences and email correspondence with A. Schoor (.5); draft email response to A. Schoor regarding same (.1). (LMA) | 1.20<br>250.00/hr | 300.00 |
| 1/4/2012 | Review emails from J. Picazo and A. Schoor regarding Amended Assignment (.1); draft monthly status report to A. Schoor (.1). (LMA) | 0.20<br>250.00/hr | 50.00 |
| 1/11/2012 | Review emails from J. Picazo and A. Schoor regarding revised Amended Assignment, draft email response (.2). (LMA) | 0.20<br>250.00/hr | 50.00 |
| 1/12/2012 | Review comments from J. Picazo regarding Assignment of Mortgage. (DBR) | 0.20<br>275.00/hr | 55.00 |
| | Review revised Amended Assignment (.1); analyze case status (.1); review other OneWest cases regarding OneWest signature block sample for Amended Assignment, draft email to A. Schoor regarding same (.3). (LMA) | 0.50<br>250.00/hr | 125.00 |
| 1/17/2012 | Telephone conference with A. Schoor regarding Amended Assignment. (LMA) | 0.20<br>250.00/hr | 50.00 |
| | For professional services rendered | 2.50 | $630.00 |
| | Hawaii GET (4.712%) | | $29.69 |
| | TOTAL AMOUNT OF THIS BILL | | $659.69 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. ·· Abatia  L&K<br>OWB #: I<br>Local Counsel #: 194530-01098<br>Firm File: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| March 27, 2012 | 2829 | 3/27/2012 |

PROFESSIONAL SERVICES:

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/7/2012 | Draft monthly status report to A. Schoor. (LMA) | 0.30<br>250.00/hr | 75.00 |
| 2/8/2012 | Analyze issues regarding<br>                      (.3); review and analyze Trustee's Proposed<br>Findings of Fact/Conclusions of Law (.3); pacer research regarding<br>docket and Trustee's Motion for Summary Judgment (.3), draft email to A.<br>Schoor regarding same and Amended Assignment (.2). (LMA) | 1.10<br>250.00/hr | 275.00 |
| 2/10/2012 | Telephone conference with A. Schoor regarding revised Amended<br>Assignment (.1); draft email to A. Schoor confirming same (.2). (LMA) | 0.30<br>250.00/hr | 75.00 |
| 2/22/2012 | Review court notices regarding Bankruptcy Court recommendation and<br>findings to USDC regarding foreclosure. (LMA) | 0.20<br>250.00/hr | 50.00 |
| 2/29/2012 | Draft Assignment of Mortgage per discussion with A. Schoor (.8); draft<br>email with explanation for client regarding same and with draft of same to<br>A. Schoor for review (.2). (LMA) | 1.00<br>250.00/hr | 250.00 |
|  | For professional services rendered | 2.90 | $725.00 |
|  | Hawaii GET (4.712%) |  | $34.16 |
|  | TOTAL AMOUNT OF THIS BILL |  | $759.16 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie, L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| April 25, 2012 | 2899 | 3/27/2012 |

PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/1/2012 | Status of docket sheets for The Mortgage Store's Bankruptcy, Ms. Abatie's Bankruptcy, the pending adversary filed by D. Field as trustee against the Abatie's, and the pending case before the United States District Court for recent filings in cases (.5); review proposed Counterclaim and Cross-claim to be filed on behalf of OneWest to foreclose the first mortgage and continue to draft same | 5.50<br>250.00/hr | 1,375.00 |
| | (2.0); draft Motion for Summary Judgment (.5); begin drafting Memorandum in Support of Motion for Summary Judgment (1.5); begin drafting Declaration of C. Boyle (.5); begin drafting Concise Statement of Material Facts (.5). (JFE) | | |
| 3/5/2012 | Continue to draft Counterclaim and Cross-claim, (.8); review loan file and key loan documents for confirmation of possession of the documents referenced in the Counterclaim and Cross-claim (.7); make inquiry as to notification to borrower of acceleration of note (.2); prepare property description for use as Exhibit (.5); revise the Motion for Summary Judgment (.4). (JFE) | 2.60<br>250.00/hr | 650.00 |
| 3/7/2012 | Analyze choice of forum to pursue foreclosure action and assignment authorization issues. (DBR) | 0.40<br>275.00/hr | 110.00 |
| | Review email from J. Picazo regarding Assignment, draft email response (.1); draft monthly status report to A. Schoor (.5); telephone conferences with Court clerk regarding May 21 status conference (.2); review notices from USDC regarding transfer of Bankruptcy case to USDC and FOF/COL/Order and appointment procedure for Commissioner (.1); analyze issues regarding same (.4); review filed documents (.4), calculate and calendar dates and deadlines (.2); pacer research regarding Bankruptcy case status and USDC case status (.2). (LMA) | 2.10<br>250.00/hr | 525.00 |

Matter:D. v. Abatie, L&K
OWB #
Local Counsel #: 194530-01098
Firm File #:

|  | | Hrs/Rate | Amount |
|---|---|---|---|

3/8/2012   Review USDC Order, draft email to A. Schoor regarding same (.1);
           review emails from J. Picazo and A. Schoor regarding Assignment
           execution (.1). (LMA)

                                                                 0.20         50.00
                                                                 250.00/hr

3/14/2012  Draft follow up email to J. Picazo and A. Schoor regarding Assignment.
           (LMA)

                                                                 0.20         50.00
                                                                 250.00/hr

3/15/2012  Telephone conference with J. Picazo regarding Assignment issues (.1);
           draft email to A. Schoor regarding same (.1); draft email to A. Schoor
           regarding follow up regarding                    (.1); analyze issues
           regarding communications with Cal-Western regarding Complaint
           allegations (.1). (LMA)

                                                                 0.20         50.00
                                                                 250.00/hr

3/19/2012  Review notice from Court regarding appointment of Commissioner (.1);
           draft email to A. Schoor regarding same (.1). (LMA)

                                                                 0.20         50.00
                                                                 250.00/hr

3/20/2012  Access Pacer to review updated docket sheets for The Mortgage Store's
           adversary proceeding against the Abatie's and the related USDC action
           (.3); review USDC's adoption of Bankruptcy Court's Findings of Fact,
           Conclusions of Law and Order pertaining to D. Field's Motion to
           Foreclose on the second mortgage (.3);

                                                                 2.10        525.00
                                                                 250.00/hr

                                                 (1.2); draft
           email to D. Rosen regarding proceeding by stipulation(.3). (JFE)

3/22/2012  Review and revise Stipulated Order for Relief from Automatic Stay (.4);
           review and revise Stipulated Order for Leave to File
           Counterclaim/Cross-Claim (.4); continue drafting Motion for Summary
           Judgment to specify
                                 (1.4); review client documents and Bankruptcy
           Court's Findings of Fact, Conclusions of Law and Order for reference to
           material facts (.8); continue drafting Concise Statement of Material Facts
           (2.6). (JFE)

                                                                 5.60      1,400.00
                                                                 250.00/hr

3/23/2012  Review and revise Counterclaim (.4); review and revise Summons (.1);
           continue drafting statement of facts for Memorandum in Support of
           Motion for Summary Judgment (5.5); access Pacer to review the docket
           sheet and selected filings in K. Abatie's Bankruptcy (.7). (JFE)

                                                                 6.70      1,675.00
                                                                 250.00/hr

3/27/2012  Draft conclusion portion of Memorandum in Support of Motion for
           Summary Judgment, outlining requested relief (.4); access Westlaw to
                                       (1.2); revise argument portion of Memorandum in Support
           of Motion to reflect research (.4); continue drafting spreadsheet
           identifying the verifiable facts to be covered by declaration testimony and
           the supporting documents in the client's loan files (1.8); revise
           Declaration of C. Boyle in Support of Motion for Summary Judgment
           (1.3); revise Concise Statement of Facts (.7); revise statement of facts
           portion of Memorandum in Support of Motion for Summary Judgment
           (.7). review loan file in preparation of exhibits to Motion for Summary
           Judgment (.4); draft email to DBR and LMA regarding identification of

                                                                 7.10      1,775.00
                                                                 250.00/hr

OneWest Bank
Matter: D. v. Abatie, L&K
OWB #:
Local Counsel #: 194530-01098
Firm File #:

Page    3

|  | Hrs/Rate | Amount |
|---|---|---|
| additional documents needed for the Motion for Summary Judgment (.2). (JFE) | | |
| For professional services rendered | 32.90 | $8,235.00 |
| Hawaii GET (4.712%) | | $388.03 |
| TOTAL AMOUNT OF THIS BILL | | $8,623.03 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank | Matter:D. v Abalia L&K |
| c/o Andrea Schoor, Esq. | OWB #: |
| Allen Matkins Leck Gamble Mallory & Natsis LLP | Local Counsel #: 194530-01098 |
| 515 South Figurerora Street, 9th Floor | Firm File #: |
| Los Angeles, CA 90071 | |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| May 15, 2012 | 2928 | 4/25/2012 |

## PROFESSIONAL SERVICES:

| | Hrs/Rate | Amount |
|---|---|---|
| 4/2/2012 Analyze revised Assignment of Mortgage from J. Picazo. (DBR) | 0.30 275.00/hr | 82.50 |
| Telephone conference with A. Schoor regarding Assignment (.1); review emails from J. Picazo regarding same, analyze same and previous assignments, draft email responses (1.0). (LMA) | 1.10 250.00/hr | 275.00 |
| 4/5/2012 Draft email to J. Picazo re chain of assignment and Amended Assignment (.1); draft monthly status report to A. Schoor, pacer research regarding same (.4); review loan file regarding missing loan documents for Counterclaim (.2). (LMA) | 0.70 250.00/hr | 175.00 |
| 4/9/2012 Review emails from A. Schoor and J. Picazo regarding loan documents and loan amounts for the Counterclaim for Foreclosure (.1); review Notice of Default and payment history from J. Picazo (.1); draft email to A. Schoor and J. Picazo regarding same and payoff figures (.1). (LMA) | 0.30 250.00/hr | 75.00 |
| 4/10/2012 Revise Amended Assignment to clarify HSBC name (.3); analyze issues regarding same (.4); draft email to J. Picazo with Amended Assignment and explanation (.3). (LMA) | 1.00 250.00/hr | 250.00 |
| 4/11/2012 Review voicemail message from A. Schoor re questions regarding Amended Assignment, draft email response regarding same (.2); analyze loan documents regarding same (.1). (LMA) | 0.30 250.00/hr | 75.00 |
| 4/16/2012 Analyze status of outstanding loan documents for Complaint for Foreclosure. (LMA) | 0.20 250.00/hr | 50.00 |
| For professional services rendered | 3.90 | $982.50 |
| Hawaii GET (4.712%) | | $46.30 |
| TOTAL AMOUNT OF THIS BILL | | $1,028.80 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank | Matter:D. v. Abatia, L&K |
| c/o Andrea Schoor, Esq. | OWB #: |
| Allen Matkins Leck Gamble Mallory & Natsis LLP | Local Counsel #: 194530-01098 |
| 515 South Figueroa Street, 9th Floor | Firm File #: |
| Los Angeles, CA 90071 | |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| July 17, 2012 | 2994 | 6/26/2012 |

### PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/2/2012 | Telephone conference with (.1); and analyze correspondence from Trustee's counsel regarding payoff request (.1); draft correspondence to J. Picazo regarding same and regarding Amended Assignment of Mortgage (.4); revise Amended Assignment of Mortgage (.1). (DBR) | 0.70 275.00/hr | 192.50 |
| 6/4/2012 | Review emails from J. Picazo and A. Schoor regarding questions regarding draft Amended Assignment of Mortgage (.1); review email from trustee's counsel re payoff, calendar dates and deadlines regarding same (.2); draft monthly status report to A.Schoor (.2); review Limited Power of Attorney from J. Picazo regarding Amended Assignment of Mortgage (.1). (LMA) | 0.60 250.00/hr | 150.00 |
| 6/21/2012 | Analyze payoff quote from J. Picazzo (.2); draft transmittal regarding same to Plaintiff's counsel (.1); follow up telephone conference from same (.2); draft correspondence to J. Picazo seeking verification of quote (.3). (DBR) | 0.80 275.00/hr | 220.00 |
| 6/22/2012 | Review emails and attachments from J. Picazzo regarding payoff amount (.1); analyze status of Amended Assignment of Mortgage (.1). (LMA) | 0.20 250.00/hr | 50.00 |
| 6/23/2012 | Review and respond to correspondence from J. Picazo regarding payoff quote. (DBR) | 0.20 275.00/hr | 55.00 |
| 6/25/2012 | Review payoff break down from client (.1); forward same to trustee's counsel (.2); respond to A. Schoor's request for strategy update (.3); provide updated budget to A, Schoor (.2). (DBR) | 0.80 275.00/hr | 220.00 |
| | Analyze status of Stipulations, Counterclaim, and Motion for Summary Judgment regarding Counterclaim. (LMA) | 0.20 250.00/hr | 50.00 |
| 6/26/2012 | Review emails from J. Picazzo regarding payoff quote, analyze issues regarding same (.2); review email from A. Schoor regarding strategy and proposed budget, analyze issues regarding same (.2); revise Stipulations, draft email to A. Schoor regarding and with same for review (.4). (LMA) | 0.80 250.00/hr | 200.00 |

OneWest Bank
Matter: D. v. Abatie. L&K
OWB #:
Local Counsel #: 194530-01098
Firm File #:

|  | Hours | Amount |
|---|---|---|
| For professional services rendered | 4.30 | $1,137.50 |
| Hawaii GET (4.712%) |  | $53.60 |
| TOTAL AMOUNT OF THIS BILL |  | $1,191.10 |

# LAW OFFICE OF DAVID B. ROSEN

A LAW CORPORATION

Phone: 808.523.9393
Fax 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie, L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| June 26, 2012 | 2955 | 5/15/2012 |

## PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 5/1/2012 | Review email from J. Picazo regarding Limited Power of Attorney, draft email response regarding same. (LMA) | 0.20<br>250.00/hr | 50.00 |
| 5/2/2012 | Review email from J. Picazo regarding payoff quote, review same (.1); pacer research regarding USDC Status Report (.1); draft monthly status report to A. Schoor (.3); analyze missing loan documents for same (.3); USDC and Bankruptcy case pacer research regarding same (.1). (LMA) | 0.90<br>250.00/hr | 225.00 |
| 5/3/2012 | Analyze issues regarding Commissioner appointment. (LMA) | 0.20<br>250.00/hr | 50.00 |
| 5/7/2012 | Review email from J. Picazo regarding Assignment of Mortgage, review same, draft email to A. Schoor regarding Amended Assignment possible issues. (LMA) | 0.40<br>250.00/hr | 100.00 |
| 5/8/2012 | Review executed Assignment of Mortgage (.1); draft correspondence regarding correcting same (.3). (DBR) | 0.40<br>275.00/hr | 110.00 |
| 5/9/2012 | Telephone conference with J. Picazzo regarding need for Acknowledgment in Amended AOM. (DBR) | 0.20<br>275.00/hr | 55.00 |
| | Review emails from J. Picazzo regarding typos regarding Assignment of Mortgage, draft email responses regarding same (.3); analyze issues regarding same (.2); telephone conferences with J. Picazo regarding same (.2). (LMA) | 0.70<br>250.00/hr | 175.00 |
| 5/14/2012 | Review and revise Motion for Summary Judgment (.2); draft Request for Judicial Notice (1.4); review and revise Declaration of C. Boyle (1.5); draft spreadsheet pertaining to the Declaration C. Boyle, identifying those facts verifiable by the documents in the client's loan files (1.0); review and revise Concise Statement of Material Facts (.8); review and revise Memorandum in Support of Motion (1.8). (JFE) | 6.70<br>250.00/hr | 1,875.00 |

|  | Hrs/Rate | Amount |
|---|---|---|
| 5/17/2012 Revise Amended Assignment of Mortgage (.5); draft correspondence to J. Picazo regarding same (.5). (DBR) | 1.00 275.00/hr | 275.00 |
| For professional services rendered | 10.70 | $2,715.00 |
| Hawaii GET (4.712%) |  | $127.93 |
| TOTAL AMOUNT OF THIS BILL |  | $2,842.93 |

# LAW OFFICE OF DAVID B. ROSEN

A  L A W  C O R P O R A T I O N

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie, L&K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| August 16, 2012 | 3019 | 7/17/2012 |

## PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 7/5/2012 | Draft monthly status report to A. Schoor (.2); pacer research for same (.2). (LMA) | 0.40<br>250.00/hr | 100.00 |
| | Analyze issues regarding foreclosure auction, bid amount, and status of Amended Assignment of Mortgage. (LMA) | 0.20<br>250.00/hr | 50.00 |
| 7/9/2012 | Review email from J. Picazo regarding redlined Stipulations. (LMA) | 0.20<br>250.00/hr | 50.00 |
| 7/10/2012 | Draft correspondence to client explaining Trustee's credit bid. (DBR) | 0.20<br>275.00/hr | 55.00 |
| | Draft email to J. Picazo regarding Amended Assignment of Mortgage, review email response (.1); telephone conference with counsel for trustee regarding Second lienors auction (.3); draft email to A. Schoor and J. Picazo regarding same (.1). (LMA) | 0.50<br>250.00/hr | 125.00 |
| 7/24/2012 | Draft emails to J. Picazzo regarding Amended Assignment of Mortgage, review email responses (.2); revise same per J. Picazo's revisions, draft email to J. Picazo regarding and with same (.2). (LMA) | 0.40<br>250.00/hr | 100.00 |
| 7/30/2012 | Analyze filed Commissioner's report and Confirmation Motion, draft email to A. Schoor regarding and with same. (LMA) | 0.40<br>250.00/hr | 100.00 |
| | For professional services rendered | 2.30 | $580.00 |
| | Hawaii GET (4.712%) | | $27.33 |
| | TOTAL AMOUNT OF THIS BILL | | $607.33 |

# LAW OFFICE OF DAVID B. ROSEN

A L A W   C O R P O R A T I O N

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie, L&R<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| September 25, 2012 | 3043 | 8/18/2012 |

*#66366*

PROFESSIONAL SERVICES:

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 8/6/2012 | Draft monthly status report to A. Schoor (.3); review notice from Court regarding Motion for Confirmation hearing, calendar date and deadlines (.1). (LMA) | 0.40<br>250.00/hr | 100.00 |
| 8/7/2012 | Review correspondence from A. Schoor regarding status report (.1); analyze issues regarding same (.1). (LMA) | 0.20<br>250.00/hr | 50.00 |
| 8/9/2012 | Draft more detailed status report per A. Schoor's request. (LMA) | 1.40<br>250.00/hr | 350.00 |
| 8/13/2012 | Analyze issues regarding Motion for Confirmation of Sale and status of Amended Assignment of Mortgage (.1); draft correspondence to A. Schoor regarding Position Statement recommendation regarding same (.1); draft correspondence to J. Picazzo regarding Amended Assignment of Mortgage (.1). (LMA) | 0.30<br>250.00/hr | 75.00 |
| 8/23/2012 | Review correspondence from J. Picazo regarding Amended Assignment of Mortgage (.1); analyze previous correspondence regarding trust name regarding same (.1); draft correspondence response (.1). (LMA) | 0.30<br>250.00/hr | 75.00 |
| 8/30/2012 | Review correspondence from J. Picazo regarding Assignment of Mortgage (.1); review same, draft correspondence responses (.1). (LMA) | 0.20<br>250.00/hr | 50.00 |
| | For professional services rendered | 2.80 | $700.00 |
| | Hawaii GET (4.712%) | | $32.98 |
| | TOTAL AMOUNT OF THIS BILL | | $732.98 |

467-598

# LAW OFFICE OF DAVID B. ROSEN

A L A W   C O R P O R A T I O N

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br>c/o Andrea Schoor, Esq;<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v. Abatie. L&K<br>OWB #: .0<br>Local Counsel #: 19453040010980<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| October 23, 2012 | 3091 | 9/25/2012 |

PROFESSIONAL SERVICES:

| | Hrs/Rate | Amount |
|---|---|---|
| 9/4/2012 Draft Position Statement regarding Confirmation Motion. (MSN) | 1.20<br>250.00/hr | 300.00 |
| Draft detailed monthly status report correspondence to A. Schoor. (LMA) | 0.60<br>250.00/hr | 150.00 |
| 9/11/2012 Analyze Bankruptcy and adversary proceeding case status for<br>Stipulations and Counterclaim. (LMA) | 0.40<br>250.00/hr | 100.00 |
| 9/14/2012 Draft correspondence to Trustee regarding Stipulations and Amended<br>Assignment of Mortgage (.2); draft correspondence to A. Schoor<br>regarding and with recorded Amended Assignment of Mortgage (.1).<br>(LMA) | 0.30<br>250.00/hr | 75.00 |
| 9/17/2012 Review cover sheet from Bureau regarding rejected Amended<br>Assignment of Mortgage (.2); revise same accordingly (.2); draft<br>correspondence to V. Rendon and A. Schoor with revised Amended<br>Assignment for execution (.1). (LMA) | 0.50<br>250.00/hr | 125.00 |
| For professional services rendered | 3.00 | $750.00 |

ADDITIONAL CHARGES:

| | |
|---|---|
| 9/14/2012 Messenger to record Amended Assignment of Mortgage at Court. | 20.00 |
| Recording Fee to record Amended Assignment of Mortgage at Court. | 30.00 |
| Total costs | $50.00 |
| Hawaii GET (4.712%) | $35.34 |
| TOTAL AMOUNT OF THIS BILL | $835.34 |

# LAW OFFICE OF DAVID B. ROSEN

### A LAW CORPORATION

Phone: 808.523.9393
Fax: 808.523.9595
RosenLaw@hawaii.rr.com

810 Richards Street, Suite 880
Honolulu, HI 96813

| Invoice submitted to: | Matter: |
|---|---|
| OneWest Bank<br><br>c/o Andrea Schoor, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figuerora Street, 9th Floor<br>Los Angeles, CA 90071 | Matter:D. v Abafia I &K<br>OWB #:<br>Local Counsel #: 194530-01098<br>Firm File #: |

| Invoice Date | Invoice Number | Last Bill Date |
|---|---|---|
| February 12, 2013 | 3209 | 1/17/2013 |

### PROFESSIONAL SERVICES:

| | Hrs/Rate | Amount |
|---|---|---|
| 1/31/2013 Telephone conference with new counsel regarding case status in Bankruptcy Court and United States District Court. (DBR) | 0.20<br>275.00/hr | 55.00 |
| For professional services rendered | 0.20 | $55.00 |
| Hawaii GET (4.712%) | | $2.59 |
| TOTAL AMOUNT OF THIS BILL | | $57.59 |